IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:06-CR-17-FL
No. 2:13-CV-46-FL

| | |
|---|---|
| ALTON LARCHON WHITAKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 68, 71), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has filed a motion to dismiss (DE 79), to which petitioner has not responded. In this posture, the matter is ripe for ruling. For the reasons stated below, the government's motion will be granted and this matter will be dismissed.

**BACKGROUND**

Petitioner pleaded guilty to possession with intent to distribute more than five (5) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On September 13, 2007, petitioner was sentenced to a term of 141 months imprisonment. Petitioner did not file a direct appeal. On July 22, 2013, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement as a career offender was erroneous in light of Simmons. The government contends that petitioner's motion is untimely, barred by the waiver in his plea agreement, and without merit, among other grounds.

# DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). It was filed more than one year after the judgment became final. There is no alleged impediment to making the motion created by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. See Miller, 735 F.3d 141, 143 (4th Cir. 2013) (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Accordingly, the court must dismiss petitioner's motion as untimely.

B. Plea Waiver

The government also argues that petitioner's § 2255 motion is barred by the waiver in his

plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529.

Petitioner does not contend that his waiver was invalid due to any defect in the Rule 11 colloquy. Accordingly, the court must dismiss petitioner's Simmons claim as barred by the waiver in his plea agreement.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented and arguments asserted on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion to dismiss and DISMISSES petitioner's motion to vacate. A certificate of appealability is DENIED.

SO ORDERED, this 28th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge